IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

———————————————————————— :
JESSE GODFREY,                  :     CIVIL ACTION
                                :
            Petitioner,         :
                                :
        v.                      :     NO. 07-5103
                                :
DAVID DIGUGLIELMO, et al        :
                                :
            Respondents.        :
———————————————————————— :

ARNOLD C. RAPOPORT
UNITED STATES MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION**

        Presently before the Court is a <u>pro se</u> Petition for
Writ of Habeas Corpus filed by the Petitioner, Jesse Godfrey
("Petitioner"), pursuant to 28 U.S.C. section 2254.  Petitioner
is currently incarcerated in the State Correctional Institution
Graterford.  For the reasons that follow, it is recommended that
the Petition should be denied with prejudice and dismissed
without an evidentiary hearing.

I.      **PROCEDURAL HISTORY**.[1]

        On April 30, 1991, a jury in the Court of Common Pleas
of Philadelphia County convicted Petitioner of second degree
murder, burglary, robbery, and possessing an instrument of a

_____

        [1] This information is taken from the Petition for Writ of Habeas Corpus,
Petitioner's "Consolidated Memorandum of Law in Support," the Response,
Petitioner's Reply, Respondents' Supplemental Response, Petitioner's Reply to
the Supplemental Response and the exhibits attached to those pleadings.

crime stemming from the robbery and murder of Melvin Johnson.[2]
On February 14, 1994, the Honorable Theodore A. McKee sentenced
Petitioner to life imprisonment.

Petitioner was permitted to appeal to the Superior
Court nunc pro tunc, and on June 30, 1998, the Superior Court
affirmed his judgment of sentence. Petitioner did not seek
allocatur from the Pennsylvania Supreme Court, and Petitioner's
conviction became final on direct review when the time in which
he could seek allocatur to the Supreme Court expired, on July 31,
1998.

Petitioner claims to have filed a pro se petition under
the Pennsylvania Post-Conviction Relief Act ("PCRA"), see 42 Pa.
C.S.A. § 9541, on March 2, 2000.[3]  On April 24, 2001,

---

[2]   The trial court's June 12, 1997 opinion found the facts as follows:

On June 2, 1990, in the early morning hours, Jesse Godfrey and
Robert "Sonny" Thomas decided to break into the home of Melvin
Johnson, located at 2127 North Ninth Street in Philadelphia to
steal money from him.  While "Sonny" waited outside the building
watching for police, [Petitioner] crawled through a window on the
first floor and then went upstairs to the third floor where he
pried open the lock on Mr. Johnson's bedroom door and entered.
Mr. Johnson was asleep on the bed when [Petitioner] entered the
room, but he soon awoke when [Petitioner] took five dollars out of
his pocket. [Petitioner] then showed Mr. Johnson a knife which
[Petitioner] had found on the floor of the bedroom and told Mr.
Johnson not to move.  Mr. Johnson charged at [Petitioner] who
fatally stabbed him in the chest.

Commonwealth v. Godfrey, Phila. Court of Common Pleas, No. 1099, July Term,
1990, Glazer, J., slip op. at 1 (Jun. 12, 1997).

[3]   A review of Petitioner's docket sheets from the Philadelphia County
Court of Common Pleas does not show that Petitioner filed a PCRA petition on
March 2, 2000.  However, there is also no evidence of Petitioner filing a PCRA
at any earlier date.  Therefore, for purposes of analyzing the timeliness of
Petitioner's habeas petition, we will give Petitioner the benefit of the doubt
and assume that he filed his first PCRA petition on March 2, 2000. It is clear

Petitioner's PCRA petition was denied as untimely.  Petitioner claims that he appealed to the Superior Court and on June 5, 2001, Petitioner's PCRA appeal was dismissed.[4]

It appears that Petitioner's appellate rights were reinstated on January 15, 2002, and counsel was appointed.  In February of 2002, Petitioner was permitted to appeal to the Superior Court nunc pro tunc, and on September 27, 2002, the Superior Court dismissed Petitioner's appeal due to counsel's failure to file a brief.

Thereafter, on January 30, 2003, Petitioner filed his second PCRA petition.  On November 14, 2003, Petitioner's second PCRA petition was dismissed as untimely.  On December 10, 2003, Petitioner appealed to the Superior Court, and on June 22, 2004, his appeal was dismissed by the Superior Court for failure to file a brief.

Petitioner signed his Petition for Writ of Habeas Corpus on November 28, 2007.[5]  On December 4, 2007, the habeas was received by the Clerk of Courts, docketed and assigned to the Honorable Paul S. Diamond.  Judge Diamond then referred this

---

that Petitioner did file a PCRA petition some time in 2000 or 2001, as the PCRA court dismissed his petition as untimely on April 24, 2001.

[4]  We also can find no record of Petitioner's claimed June 5, 2001, appeal to the Superior Court from the dismissal of his PCRA petition. However, the existence of this appeal is not relevant to our analysis of the timeliness of Petitioner's habeas petition.

[5]  On the same date, Petitioner signed a document that he called a "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 and Consolidated Memorandum of Law" ("Memorandum").

matter for preparation of a Report and Recommendation on December 17, 2007.  In his Petition, Petitioner alleged, inter alia, that he was incompetent and unable to knowingly and intelligently waive his right to a trial by jury.  On March 10, 2008, Respondents filed a Response to the Petition for Writ of Habeas Corpus, contending that the Petition should be denied as untimely.  On March 19, 2008, Petitioner filed a Reply to Respondents' Response.  On March 31, 2008, we ordered Respondents to prepare a supplemental response to the petition, addressing Petitioner's claim that equitable tolling should apply due to his alleged mental impairment.  On May 16, 2008, Respondents filed said Supplemental Response regarding equitable tolling, and on June 4, 2008, Petitioner filed a Reply to the Supplemental Response.

II.      **DISCUSSION**.

> **A.  The Federal Habeas Corpus Petition at Issue is Statutorily Time-barred**

Petitioner's case must be decided pursuant to the terms of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which was enacted April 24, 1996.  Pub.L. 104-132, 110 Stat. 1214.  Section 104(2) of the AEDPA amended 42 U.S.C. section 2254, the statute under which this Petition was filed, and requires that federal courts give greater deference to a state court's legal determinations.  The AEDPA also amended 28 U.S.C. section 2244, to require that a strict one-year period of

4

limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.[6]  In this case, the applicable starting point to examine the limitation period is the latest date on which the judgment of sentence became final, either by the conclusion of direct review or the expiration of the time for seeking such review.  See 28 U.S.C. § 2244(d)(1).

Petitioner's conviction became final on direct review on July 31, 1998, after he failed to seek allocatur to the Pennsylvania Supreme Court and his time to seek such relief expired.  See 28 U.S.C. § 2244(d)(1)(A); 42 Pa. C.S.A. §

---

[6]      28 U.S.C. section 2244 requires that:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  If direct review of a criminal conviction ended prior to the AEDPA's effective date, a prisoner has one year subsequent to the April 24, 1996 effective date to properly file a habeas action.  Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

9545(b)(3); Pa. R.A.P. 1113 (allowing thirty days after the entry of an order in the Superior Court in which to file a petition for allowance of appeal in the Pennsylvania Supreme Court). Accordingly, the one-year time limit for Petitioner to timely file a federal Petition for Writ of Habeas Corpus began on July 31, 1998 and he had until July 31, 1999 to timely file a federal Petition.[7]  Petitioner did not meet this deadline and instead waited almost two years after this limitation period had passed before filing his first PCRA petition on March 2, 2000.  After the state courts' review of his first PCRA petition concluded on September 27, 2002, when the Pennsylvania Superior Court dismissed his appeal, Petitioner waited another four months and then filed a second PCRA petition on January 30, 2003, which was concluded on June 22, 2004, when the Superior Court dismissed his appeal.  Petitioner did not file his federal habeas corpus Petition until November 28, 2007.  Because the Petition in this case was filed over eight years after the limitation period expired, it is statutorily time-barred.

---

[7]    In their response, Respondents correctly assert that Petitioner is not entitled to a new, extended deadline for the AEDPA's limitation period pursuant to 28 U.S.C. § 2244(d)(1).  Specifically, Respondents aver that Petitioner does not allege, nor is there evidence to demonstrate that state action prevented the timely filing of his habeas action.  28 U.S.C. § 2244(d)(1)(B).  Second, Respondents assert that the claim alleged in the Petition does not rely on a new rule of federal constitutional law of retroactive application.  28 U.S.C. § 2244(d)(1)(C).  Finally, Respondents contend that Petitioner does not allege, nor is there evidence showing that the factual predicate of his complaint was not discoverable through the exercise of due diligence long ago. 28 U.S.C. § 2244(d)(1)(D).  We agree with the reasoning of Respondents and find that Petitioner is not entitled to the benefit of any alternate triggering dates set forth in 28 U.S.C. § 2244(d)(1).  See Response, pp. 5-6.

**B.   The Federal Habeas Corpus Petition at Issue is Not Eligible for Statutory or Equitable Tolling**

The AEDPA's one-year statute of limitations is subject to both statutory and equitable tolling.  28 U.S.C. § 2244(d) (enumerating statutory tolling provisions); <u>Merritt v. Blaine</u>, 326 F.3d 157, 161 (3d Cir.), <u>cert. denied</u>, 540 U.S. 921 (2003) (holding AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception).  The limitation period will be statutorily tolled for the time during which a "properly filed" application for state post-conviction or other collateral review is pending.  <u>See</u> 28 U.S.C. § 2244(d)(2). The limitation period will be equitably tolled when the principles of equity would make the rigid application of a limitation period unfair.  <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999).  However, if a PCRA petition is untimely, it is not considered properly filed in order to toll the AEDPA one-year statutory time period.  <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 417 (2005).

1.   <u>Statutory Tolling</u>

With respect to statutory tolling, Respondent contends that Petitioner is ineligible because both of his PCRA petitions were filed after the AEDPA deadline expired, rendering 28 U.S.C. § 2244(d)(2) irrelevant for the purposes of statutory tolling. Respondents further assert that even if the AEDPA limitation

period had not expired before Petitioner's PCRA petitions were filed, their own untimeliness would preclude statutory tolling. <u>See</u> 28 U.S.C. § 2244(d)(2) (providing for statutory tolling during pendency of "properly filed application for State post-conviction or other collateral review"). <u>See</u> <u>also</u> <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 417 (2005)(untimely state habeas petition is not "properly filed" for purposes of Section 2244(d)(2)). Based on the foregoing, we conclude that Petitioner is not entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2), as he clearly failed to file a timely state collateral petition that would toll the AEDPA statute of limitations.

### 2. <u>Equitable Tolling</u>

This Court must next examine whether the AEDPA statute of limitations should be *equitably* tolled to consider the Petition timely filed. <u>Robinson v. Johnson</u>, 313 F.3d 128, 134 (3d Cir. 2002), <u>cert.</u> <u>denied</u>, 540 U.S. 826 (2003)(citing <u>Miller v. New Jersey State Dep't of Corr.</u>, 145 F.3d 616, 617-618 (3d Cir. 1998)(citation omitted). Courts must be sparing in their use of equitable tolling. <u>Seitzinger v. Reading Hosp. & Med. Ctr.</u>, 165 F.3d 236, 239 (3d Cir. 1999). In fact, the United States Court of Appeals for the Third Circuit has held that equitable tolling is proper "only in the rare situation where [it] is demanded by sound legal principles as well as the

interests of justice." <u>United States v. Midgley</u>, 142 F.3d 174, 179 (3d Cir. 1998)(citation omitted).  The Petitioner "must show that he . . . 'exercised reasonable diligence in investigating and bringing [his] claims.'  Mere excusable neglect is not sufficient." <u>Miller</u>, 145 F.3d at 618 (quoting <u>New Castle County v. Halliburton NUS Corp.</u>, 111 F.3d 1116, 1126 (3d Cir. 1997) and <u>citing</u> <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 96 (1990)).

        The Third Circuit has set forth the following three circumstances in which equitable tolling is permitted: (1) if the [Respondent] has actively misled the [Petitioner]; (2) if the [Petitioner] has in some extraordinary way been prevented from asserting his rights, or (3) if the [Petitioner] has timely asserted his rights mistakenly in the wrong forum.  <u>Fahy v. Horn</u>, 240 F.3d 239, 244 (3d Cir. 2001), <u>cert.</u> <u>denied</u>, 534 U.S. 944 (2001)(<u>citing</u> <u>Jones</u>, 195 F.3d at 159 (citations omitted)).  "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." <u>Fahy</u>, 240 F.3d at 244.  The habeas petitioner bears the burden of demonstrating both his entitlement to equitable tolling and his due diligence.  <u>Pace</u>, 544 U.S. at 418; <u>Cooper v. Price</u>, 82 Fed.Appx. 258, 260 (3d Cir. 2003); <u>Brown v. Cuyler</u>, 669 F.2d 155, 158 (3d Cir. 1982); <u>United States v. Soto</u>, 159 F.Supp.2d 39, 45

(E.D. Pa. 2001) (Van Antwerpen, J.).

      Petitioner contends that he is entitled to equitable tolling in this matter as a result of his "severely diminished mental capacity." <u>See</u> Reply, pp. 3-4.  With respect to his alleged mental impairment, Petitioner contends that he is currently on psychotropic medication, had been for years before his arrest and was on such medication before and during his trial. <u>See</u> Reply, p.4.  Petitioner contends that despite being medicated in such a manner, he has been "as diligent as possible . . . to [sic] bring his claims before a court,"  and that "given the petitioner's clearly diminished mental capacity, he still attempted on numerous instances, although unsuccessful [sic], to challenge his conviction." <u>See</u> Reply, p. 4.  Respondents aver that Petitioner has not demonstrated that equitable tolling could apply to any portion of the AEDPA's limitation period on the basis of Petitioner's alleged mental impairment.

      The Third Circuit has held that ongoing mental incompetency, coupled with attorney abandonment, may toll the AEDPA statute of limitations in some circumstances. <u>Nara v. Frank</u>, 264 F.3d 310 (3d. Cir. 2001), overruled in part on other grounds, <u>Carey v. Saffold</u>, 536 U.S. 214 (2002).  In so doing, however, the Court cautioned that "mental incompetence is not a *per se* reason to toll a statute of limitations." <u>Id.</u> at 320.  Instead, "the alleged mental incompetence must somehow have

affected the petitioner's ability to file a timely habeas petition." <u>Id.</u>  The Third Circuit has not "held that 'mental health problems,' an undefined and expansive category, constitutes a basis for equitable tolling" in and of itself. <u>United States v. Harris</u>, 268 F. Supp. 2d 500, 506 (E.D. Pa. 2003) (Dalzell, J.)(equitable tolling requires "an inability to pursue one's legal rights" and "a nexus between the petitioner's mental condition and her inability to file a timely petition").

Applying the Third Circuit's ruling in <u>Nara</u>, our colleagues in this district have determined that "a mental condition that burdens but does not prevent a prisoner from filing a timely petition does not constitute 'extraordinary circumstances' justifying equitable tolling." <u>Harris</u>, 268 F. Supp. 2d at 506.  <u>See also</u> <u>Clapsadl v. Shannon</u>, No. 02-CV-4621, 2003 WL 22871663, at *1 (E.D. Pa. 2003) (Surrick, J.) (same).[8] Accordingly, "[e]quitable tolling may be appropriate because of petitioner's mental illness, but only when condition made it impossible to file a petition on time." <u>Heath v. Commonwealth</u>, C.A. Nos. 06-4787, 07-1766, 07-3013, 2007 WL 2207776, at *3 (E.D. Pa. July 27, 2007) (Sánchez, J.) (internal quotations and citation omitted).

As indicated above, Petitioner essentially contends

---

[8]    The court determined that equitable tolling did not apply because Petitioner had failed to demonstrate any relationship between his full scale IQ of 71 and his failure to timely file his petition.  <u>Clapsadl</u>, No. 02-CV-4621, 2003 WL 22871663, at *1 (E.D. Pa. 2003).

that his alleged diminished mental capacity precluded him from filing a timely federal habeas petition, and, therefore, he is entitled to an award of equitable tolling to render his Petition timely.  See Memorandum of Law, pp. 4-5; Reply, pp. 4-5.  After closely reviewing all of the documents and exhibits submitted in this case, however, we conclude that Petitioner has not provided sufficient evidence to demonstrate that he suffered from a mental illness at the time his AEDPA statute of limitations was running that prevented him from pursuing his claims.

In an attempt to support his claim that he suffers from diminished mental capacity, Petitioner provided this court with the following documents: portions of the transcript from his April 30, 1991 jury waiver hearing and an October 22, 1993 court docket entry which states that Petitioner was to receive medication and be housed in the infirmary at SCI Graterford.

With respect to the jury waiver transcript, we note that this transcript reflects that Petitioner's defense counsel presented the following exhibits at the April 30, 1991 jury waiver: 1) Petitioner's school records which show that he was placed into a "R.E. Unit, a retarded educable setting" in the Philadelphia School District from 1971 through 1978; 2) a December 15, 1989 admission to Giuffre Medical Center which described Petitioner's history of a suicide attempt in which he set his mother's house on fire, resulting in an arson charge; 3)

12

a March 30, 1990, admission record to Giuffre Medical Center
which stated that Petitioner suffered from "chronic paranoid
schizophrenia by history but no acute psychiatric emergency at
that time"; 4) an October 26, 1989 mental health evaluation by
Robert Stanton, M.D., a psychiatrist, which stated Petitioner had
a "schizophrenic reaction, paranoid type, partially in remission
. . . major mental illness in partial remission and appears
capable of standing trial at that time"; 5) an August 1989 report
from Hahnemann stating that Petitioner was brought in on June 22,
1989 complaining of "auditory hallucinations and suicidal
inclinations . . . diagnostic impression: schizophrenia, paranoid
type, substance abuse, alcohol addiction"; and 6) a June 26, 1989
report from a Dr. Saul, court psychiatrist, which found that
Petitioner was "psychotic . . . and incompetent to proceed with
legal process at that time."  <u>See</u> Exhibits attached to
Petitioner's Memorandum, Transcript at pp. 5-9.

      With regard to all of the exhibits introduced at
Petitioner's jury wavier hearing, as well as the docket entry
provided by Petitioner noting that the Court ordered Petitioner
to be medicated and placed in the infirmary at SCI Graterford, we
find that Petitioner has offered insufficient proof that his
claimed mental incapacity burdened Petitioner during the relevant
time period to the extent that it was impossible for him to file
a timely habeas petition.  First, all of the exhibits discussed

at Petitioner's jury waiver deal with Petitioner's mental state in the late 80's and early 90's.[9]  None of these exhibits discuss Petitioner's mental state from 1998 to 1999, the time frame in which he should have filed a federal habeas petition.  Further, although the exhibits state that Petitioner suffered from paranoid schizophrenia, there is also a record that states that in 1989, Petitioner's schizophrenia was in partial remission and he was capable of standing trial.  These records do not support Petitioner's argument that he was incapable of timely filing a habeas petition due to his mental condition, as the records reflect at least one period of remission from his mental illness.  This period of remission contradicts Petitioner's argument that he was completely incapable of filing a habeas petition during the relevant period.  The evidence presented by Petitioner neither demonstrates his inability to file legal documents at any time nor establishes his inability to do so during the AEDPA limitations period in particular.

In addition, and as correctly noted by Respondents in their brief, we find that the jury waiver transcript further undermines Petitioner's allegation of incapacity due to mental illness because of his own display of competence and comprehension of the trial process during his exchange with the

---

[9]  We note that Petitioner's educational records are even older, discussing his educational classification as "retarded educable" in the 1970's.

14

judge.  See Respondents' Response to Petitioner's Reply, pp. 6-7.

Petitioner attached no other evidence to support his claim of mental incapacity.  Therefore, we find, based on our review of all of the documents submitted, that Petitioner has failed to attach any educational records, prison records, medical records, or other records which provide objective support for his allegation that he was mentally incompetent during the AEDPA limitations period.

Assuming arguendo that Petitioner's mental state prevented him from filing his habeas petition during the relevant time frame, this Court must also examine Petitioner's due diligence in pursuing the matter under the specific circumstances he faced.  Traub v. Folino, No. 04-386, 2004 WL 2252115, at *2 (E.D. Pa. Oct. 5, 2004) (citing Schleuter v. Varner, 384 F.3d 69 (3d Cir. 2004)) (affirming dismissal of habeas petition as time barred and not entitled to equitable tolling because lengthy periods of time had elapsed following his conviction before he sought relief).  It is Petitioner's burden to show that he acted with reasonable diligence and that extraordinary circumstances caused his petition to be untimely. Id.

Under the circumstances of this case, Petitioner did not act in a reasonably diligent fashion because a reasonably diligent petitioner would have acted promptly to preserve his rights not only in the state court, but also in this Court.

15

Further, as pointed out by Respondents, the facts of Petitioner's
case negate his argument that his mental condition prevented him
from timely filing a habeas petition.  A review of the Procedural
History contained in Petitioner's Memorandum shows that he filed
two different pro se PCRA petitions and two pro se appeals in his
PCRA matters.  Petitioner also requested and received
reinstatement of his appellate rights, pro se, in one of his PCRA
matters.  Petitioner's multiple state court filings demonstrate
that his alleged "mental incapacity" would not have prevented him
from timely raising claims for relief in federal court if he had
diligently pursued his habeas claims.

        Given all of the evidence submitted, we find that
Petitioner has failed to make the threshold proffer necessary to
justify this Court's further consideration of his demand for
equitable tolling, much less to hold an evidentiary hearing.  See
Zettlemoyer v. Fulcomer, 923 F.2d 284, 298 n.12 (3d Cir. 1991)
(petitioner not entitled to evidentiary hearing based on "bald
assertions and conclusory allegations"); Mayberry v. Petsock, 821
F.2d 179, 185 (3d Cir. 1987) (same), cert. denied, 484 U.S. 946
(1987); Brown, 669 F.2d at 158 (petitioner bears burden as to all
factual and procedural requirements).  See generally Pace, 544
U.S. at 418 (petitioner bears burden of demonstrating both
entitlement to equitable tolling and his due diligence).  See
also Wilson, 2005 WL 1712385, at *3 (declining to award equitable

16

tolling based on alleged psychiatric disorder or mental retardation where petitioner cited "no evidence (e.g., expert testimony, prison medical records)"); Harris, 268 F. Supp.2d at 506 (finding claim of mental incompetence inadequately supported for equitable tolling purposes even where petitioner presented expert opinion); Boyd v. Gillis, No. 02-CV-8034, 2004 WL 2397296, at *4-5 (E.D.Pa. Oct. 25, 2004) (Padova, J.) (mental incompetence allegation unproven for equitable tolling purposes despite, *inter alia*, "extensive psychiatric reports and evaluations"); Clapsadl, 2003 WL 22871663, at *2 (declining to award equitable tolling where there was "simply nothing in [the] record to support a claim of mental incompetence").

In summary, with respect to Petitioner's alleged mental incompetence, we conclude that Petitioner submits insufficient evidence that he suffers from a mental disorder that prevented him from pursuing his federal claims in a timely fashion.  As a result, Petitioner's alleged condition does not constitute an extraordinary circumstance warranting equitable tolling.[10]

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a

---

[10] Because the instant Petition is time-barred, this Report and Recommendation will not address the merits of the claims raised in the Petition.

constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant Petition is time-barred.  The Petition is statutorily time-barred, and must be denied with prejudice and dismissed without an evidentiary hearing.[11]

      Therefore, I make the following:

---

[11]  As Petitioner's Petition for Writ of Habeas Corpus is untimely and therefore, must be denied, his pending Motion for an Evidentiary Hearing must be also denied.  We will deny said Motion in a separate order.

**RECOMMENDATION**

AND NOW, this 10th day of June, 2008, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. section 2254 should be DENIED with prejudice and DISMISSED without an evidentiary hearing. There is no probable cause to issue a certificate of appealability.

The petitioner may file objections to this Report and Recommendation.  <u>See</u> Local Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:


 /s/ Arnold C. Rapoport
ARNOLD C. RAPOPORT
United States Magistrate Judge

19