IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JESSE GODFREY
    Petitioner

v.

DAVID DIGUGLIELMO, et al.
    Respondent(s)

: CIVIL ACTION NO. 07-5103
:
: The Hon. Paul S. Diamond, J.
: The Hon. Arnold C. Rapoport,
: U.S. Magistrate Judge

PETITIONER'S OBJECTIONS TO
MAGISTRATES REPORT AND RECOMMENDATION
Pursuant to Local Civil Rules, Rule 72.1 IV (b)

TO THE HONORABLE PAUL S. DIAMOND, OF THE ABOVE SAID COURT:

    AND NOW COMES, Jesse Godfrey, petitioner pro se, with his Objections to the Magistrates Report and Recommendation on his pro se Petition for a Writ of Habeas Corpus, Under 28 U.S.C., § 2254.

JURISDICTION AND AUTHORITY:

    The Court's Jurisdiction and Authority for the petitioner's filing of the within Objections to the Magistrate's Report and Recommendation, is found in 28 U.S.C., § 636(b)(1)(C) and Federal Local Civil Rules, Rule 72.1 IV (b). See, <u>United States v. Jaramillo</u>, 891 F.2d 620, 624, 628 (7th Cir. 1989).

    The petitioner's herein Objects to the United States District Court Magistrate Judge, The Honorable Arnold C. Rapoport's, Report and Recommendation (hereafter R.and R.) to the Court that the petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C., § 2254, be Denied without an evidentiary hearing and in support of the same submits;

- 1 -

PROCEDURAL AND FACTUAL HISTORY:

The petitioner will stipulate, in part, to the "PROCEDURAL HISTORY." set forth by the Magistrate Judge Rapoport at pages 1, 2 and 3, of his Report and Recommendation. However, as verified in the petitioner's Repy (Traverse), Exhibits A and B, the petitioner had filed a PCRA Patition and a second Petition, as evidenced by correspondence of court appointed counsel,s Firm, Billit and Connor.

PETITIONER'S OBJECTIONS TO REPORT AND RECOMMENDATION

The petitioner Objects to Magistrate Rapoport Recommending that the petitioner's Writ of Habeas Corpus, under 28 U.S.C., § 2254, filed December 4, 2007, and his Motion for Mandatory Evidentiary Hearing, pursuant to Kenny v.Tamayo-Reyes, 504 U.S. 1, 21, 112 S.Ct. 1715 (1992), filed April 17, 2008, should be Denied.

The Magistrate, in his R. and R., beginning at page 4, II. DISCUSSION, submits, A. The Federal Habeas Corpus Petition at Issue is Statutorily Time-barred, at page 7, B. The Federal Habeas Corpus Petition at Issue is Not Eligible for Statutory or Equitable Tolling.

However, The Honorable Magistrate Judge negates the fact that a claim of a history of mental incompetency for years before the matter in which the State court judgment is based and of mental incompetency during the State court proceedings and during the time in which to file a timely Petition, requires not a consideration of Statutory limitations to filing times, equitable tolling, or diligence.

The only issue to be determined by the Court in a case such as this is whether the petitioner was indeed incompetent during the State court proceedings and during the time in which to file a timely Petition. An issue that can only be determined after an evidentiary hearing and a "fact-bound" finding based on evidence presented at an evidentiary hearing. An issue that has been resolved in favor of an evidentiary hearing by a majority of the Federal Appeals Circuits.

1. The court held in Pike v. Guarino, 492 F.3d 61, 79 (1st Cir. 2007), "[W]e have considered the merits of the petitioner's claim that she was incompetent to stand trial in the State court. We find the District courts fact-bound rejection of the claim to be supportable."

The findings of the Appeals court in Guarino, gives substantial support to the petitioner's claim that he should be given an evidentiary hearin on his claim that he was incompetent when the State court accepted a waiver of his right to a trial. As the Guarino decision clearly points out, the District court, before rejecting the petitioner's claim of the entitlement to equitable tolling due to mental incompetency, the District court first held an evidentiary hearing to determine whether the petitioner was competent at the time of the waiver and incompetent during the period in which to file a timely petition. The petitioner submits that he should be afforded the same opportunity as the petitioner's in Pike v. Guarino.

2. The Magistrate also contends at page 8 of his R. and R., that Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 617-618 (3rd Cir. 1998), and its discussion as to diligence in determining equitable tolling is relevant to the petitioner's case which involves whether the petitioner was incompetent during the State court proceedings and during the time in which to file a timely Federal petition.

The petitioner in "Miller", did not raise a competency claim. Thus, the determination as to granting equitable tolling discussed in Miller is predicated upon different factors which include diligence. Whereas, a claim of mental incompetency during the State court proceedings and during the period in which to timely file a Federal petition, does not not require a showing of diligence on the part of the petitioner.

As the petitioner has shown by Circuit Court decisions (Pike v. Guarino, 492 F.3d, at 79 (1st Cir. 2007) and will substantiate in the proceeding pages of this text, as well as United States Supreme holdings in Pate v. Robinson, and Drope v. Missouri, that if a petitioner is found after an evidentiary hearing in the District court to have been incompetent during the State court proceedings and during the period in which to timely file a Federal petition, diligence in bringing his claim cannot and should not be expected of an incompetent petitioner.

It is too onerous a burden to require a criminal defendant, like the petitioner, that has a documented history of mental incompetence (see petitioner's previous filed pleadings, Reply (Traverse) and Motion for Mandatory Evidentiary Hearing) to show diligence in pursuing his claim as the Magistrate contends, relying on Miller v. New Jersey State Dep't of Corr..

3. The Magistrate next argues at page 10 of his R. and R., Nara v. Frank, 488 F.d 187, 192 (3rd Cir. 2007), in support of denial of this Habeas Petition. Although the court granted Nara an evidentiary hearing and equitable tolling, it was due in part to counsel abandoning "Nara", and because this petitioner makes no such claim of abandonment by counsel, he should not be entitled to equitable tolling, even though he is mentally incompetent, just as Nara was.

The Magistrate's assertion is in error. The court in Nara v. Frank, reviewed a "claim" submitted by Nara that counsel had abandoned him. What actually occurred was that the District Magistrate reviewing Nara's claim held an evidentiary hearing and found, "[M]s. Jin "affirmatively misled" Nara ...", Id. at 194.

However, the relevant issue to be determined here, as was the case in Nara, is the competency of the petitioner. In this case, the petitioner's competency at the time of the waiver of the right to trial, and the subsequent period in which to timely file a Federal petition.

This issue is paramount, as it implicates the petitioner's substantive Due Process rights to a trial by a jury of his peers afforded by the Sixth and Fourteenth Amendments. See, Pate v. Robinson, 383 U.S. 375, 386-87, 86 S.Ct. 836, 842, 843 (1966), and Drope v. Missouri, 95 S.Ct. 896, 903, 904 (1975). All Federal Circuits are in agreement on this issue, which is based on Federal Law.

This court should hold an evidentiary hearing for "fact-development" before denying a claim like the petitioner's. See, Kenny v. Tamayo-Reyes, 504 U.S. 1, 21, 112 S.Ct. 1715 (1992), "[I]f a habeas petitioner fulfills one of the Townsend requirements he will be entitled to a hearing, and by virtue of fulfilling a Townsend requirement he will necessarily have also fulfilled one of the § 2254(d) requirements, so that at his hearing the presumption of correctness will not apply."

The petitioner has met one of the "Townsend" requirements. See the petitioner's Motion for Mandatory Evidentiary Hearing, at page 5, filed April 17, 2008.

4. Additionally, in a death penalty case. The court held in <u>Walton v. Johnson</u>, 440 F.3d 160, 164 (4th Cir. 2006), "[T]he district court dismissed Walton's mental retardation claim without an evidentiary hearing, concluding that Walton failed to forecast evidence that he alleged mental retardation originated before the age of 18--a required element under Virginia law. Walton v. Johnson, 269 F.Supp.2d 592, 700 (W.D.Va.2003). On the issue of mental competence, however, the district court determined that an evidentiary hearing was warranted.", Id. at 694.

The court held in a case similar to the petitioner's, <u>Taylor v. Horn</u>, 504 F.3d 415, 433 (3rd Cir. 2007), "[13] Taylor argues, first, that rather than hold a hearing the trial court erroneously relied wholly on Dr. Sadoff's conclusion that Taylor was competent to proceed. See Taylor Br. at 29-33. Although it would be insufficient for the trial court to rest his entire competency determiantion on just one psychiatrist report, see Pate, 383 U.S. at 383, 86 S.Ct. 836, that is not what happened here."

What the court noted did not occur in <u>Taylor v. Horn</u>, did occur in In the petitioner's case. Also, to compound the violation, the State court in the petitioner's case relied on only one report. That report stated the petitioner was incompetent on June 26, 1989. Even though the case before the court occurred almost a year later on June 2, 1990. See the petitioner's Habeas Corpus Petition and Consolidated Memorandum of Law at page 4 and 5, and supporting exhibits of Jury waiver transcript of April 30, 1991.

The State courts erroneous actions also violated State Statute, <u>50 P.S., § 7402(a)(4)</u> (petitioner's Habeas Corpus Petition and Consolidated Memorandum of Law at page 5),

- 6 -

which requires that a mental evaluation be prepared and submitted to the court 20 days before the competency hearing. In the petitioner's case, no legitimate competency hearing was ever held in the State court, nor was the evaluation required by State Statute ever done.

CONCLUSION AND RELIEF SOUGHT

Based on the facts presented herein and the decisions cited, the Constitutional violations claimed in these Objections and in the petitioner's original Habeas Corpus Petition and Consolidated Memorandum of Law, Reply (Traverse), and the argument presented in the petitioner's Motion for Mandatory Evidentiary Hearing. The petitioner humbly requests this Honorable Court Reject the Magistrates Report and Recommendation and Issue an Order that the petitioner's be afforded an evidentiary hearing on his mental incompetency claim.

Date: June 24, 2008

Respectfully submitted,

*Jesse Godfrey*

Jesse Godfrey,
petitioner, pro se
Inst. No. BM-5499
P.O. Box 244
Graterford, PA 19426

prepared by:

*Stanley Phillps*

## AFFIDAVIT

I, Jesse Godfrey, pro se petitioner, do solemnly swear that the facts set forth in the attached Petitioner's Objections to Magistrates Report and Recommendation, are true and correct to the best of his knowledge, information and belief. I am also aware that any false statements made herein will subject me to the full penalties of the law set forth in 28 U.S.C., § 1746.

## CERTIFICATE OF SERVICE

I, Jesse Godfrey, pro se petitioner, certify, that on this 24th day of June, 2008, I served a true and correct copy of the attached Objection to the Magistrates Report and Recommendation, upon the person(s) indicated below, in the manner indicated. This Service satisfies the requirements of F.R.Civ.P., Rule 5(b)(2)(B).

SERVICE BY UNITED STATES CERTIFIED MAIL TO:
(Return Receipt No. 7007 0710 0001 4114 2197)

David Curtis Glebe, Esquire, A.D.A.
Office of the District Attorney
of Philadelphia County
Three South Penn Square
P.O. Box 3499
Philadelphia, PA 19107-3499
(215) 686-5706

Date: June 24, 2008

*Jesse Godfrey*
Jesse Godfrey,
pro se petitioner
Inst. No. BM-5499
P.O. Box 244
Graterford, PA 19426

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE GODFREY : | |
|     Petitioner : | |
| : | CIVIL ACTION NO. 07-5103 |
| V. : | |
| : | The Hon. Paul S. Diamond, J. |
| : | The Hon. Arnold C. Rapoport, |
| DAVID DIGUGLIELMO, et al. : | U.S. Magistrate Judge |
|     Respondent(s) : | |

O R D E R

AND NOW, after careful consideration of the petitioner's Objections to the Magistrate, The Honorable Arnold C. Rapoport, Report and Recommendation on the petitioner's Petition for a Writ of Habeas Corpus, recommending that the pro se 2254 petition be denied without an evidentiary hearing;

IT IS SO ORDERED; The Magistrates Report and Recommendation is DISAPPROVED and the petitioner's Petition for Writ of Habeas Corpus SHALL proceed to an Evidentiary Hearing on a date and time to be set by the Court.

BY THE COURT:

_____
The Hon. Paul S. Diamond, J.