IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JESSE GODFREY,                    :
                                  :     CIVIL ACTION
    Petitioner                    :
                                  :
    v.                            :     NO. 07-5103
                                  :
DAVID DIGUGLIEMO, et al.          :
                                  :
    Respondents.                  :

## ORDER

AND NOW, this 18th day of August, 2008, upon consideration of the Petition for Writ of Habeas Corpus (Doc. No. 1), Respondents' Answer (Doc. No. 7), Petitioner's Reply (Doc. No. 8), Respondents' Supplemental Brief (Doc. No. 13), Petitioner's Supplemental Reply (Doc. No. 14), the Magistrate Judge's Report and Recommendation (Doc. No. 15), Petitioner's Objections to the Report and Recommendation (Doc. No. 17), and all related submissions, it is ORDERED and DECREED:

    1. Petitioner's Objections to the Report and Recommendation are **OVERRULED**;

    2. The Report and Recommendation is **APPROVED** and **ADOPTED**;

    3. The Petition for a Writ of Habeas Corpus is **DENIED**; and

    4. There is no basis for the issuance of a certificate of appealability.

The Clerk of Court shall close this matter for statistical purposes.

1

I. **FACTUAL BACKGROUND**

On April 30, 1991, a Philadelphia Common Pleas Court jury convicted Petitioner Jesse Godfrey of second degree murder, burglary, robbery, and possession of an instrument of a crime. On February 14, 1994, Godfrey was sentenced to life imprisonment. On June 30, 1998, the Pennsylvania Superior Court affirmed Godfrey's judgment of sentence. Godfrey's conviction became final on July 31, 1998, after the period during which he could seek *allocatur* had expired. Pa. R.A.P. 1113(a). On March 2, 2000, Godfrey filed a *pro se* petition under Pennsylvania's Post Conviction Relief Act. 42 Pa. Con. Stat. § 9541. On April 24, 2001, the PCRA Court denied Godfrey's petition as untimely because he had sought relief more than one year after his judgment had become final. 42 Pa. C.S.A. § 9545(b)(1), (b)(3).

In February 2002, Godfrey obtained counsel who filed a *nunc pro tunc* appeal. On September 27, 2002, the Pennsylvania Superior Court dismissed the appeal for failure to file an appellate brief. Godfrey then filed a second PCRA petition, which the PCRA Court dismissed as untimely on November 14, 2003. Godfrey appealed that decision, and on June 22, 2004 the Pennsylvania Superior Court dismissed his appeal.

On November 28, 2007, Godfrey filed the instant *pro se* petition for habeas relief. 28 U.S.C. § 2254. On June 10, 2008, the Magistrate Judge filed a Report and Recommendation, concluding that I should deny Godfrey's Petition as statutorily time-barred, and that neither statutory nor equitable tolling applies. Godfrey filed *pro se* Objections on June 24, 2008.

## II. STANDARD OF REVIEW

The extent of my review of a Magistrate's Report is committed to my discretion. See Jozefick v. Shalala, 854 F. Supp. 342, 347 (M.D. Pa. 1994); see also Thomas v. Arn, 474 U.S. 140, 154 (1985); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984); Heiser v. Ryan, 813 F. Supp. 388, 391 (W.D. Pa. 1993), aff'd, 15 F.3d 299 (3d Cir. 1994). I may "accept, reject or modify, in whole or in part, the [M]agistrate's findings or recommendations." Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001). I must review *de novo*, however, those portions of the Report to which specific objection is made. 28 U.S.C. § 636 (b)(1)(C); see generally Goney, 749 F.2d at 6-7.

## III. PETITIONER'S OBJECTIONS

Construing Godfrey's *pro se* Objections as liberally as I can, I conclude they are meritless. Haines v. Kerner, 404 U.S. 519, 520 (1972) (allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers).

The Magistrate Judge concluded that Godfrey's habeas petition is statutorily time-barred because it was filed more than eight years after the limitations period for filing habeas claims had expired. (Doc. No. 15, at 6); 28 U.S.C. § 2244(d)(2). Godfrey argues that mental illness prevented him from filing a timely habeas petition and that equitable tolling therefore applies. The Magistrate Judge determined that Godfrey offered insufficient proof that mental illness prevented him from filing a timely habeas petition. (Doc. No. 15, at 13). The Magistrate Judge

also concluded that even if Godfrey could support his mental illness claim, equitable tolling would not apply because Godfrey had not acted with reasonable diligence to preserve his rights in federal court.

**1.    Evidentiary Hearing**

Godfrey objects to the Magistrate Judge's refusal to hold an evidentiary hearing before determining whether mental illness prevented him from filing a timely petition. (Doc. No. 17, at 3).

To support equitable tolling, a habeas petitioner must show that "extraordinary circumstance[s]" prevented him or her from filing a timely habeas petition. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). To evaluate whether a petitioner's alleged mental illness constitutes an extraordinary circumstance, courts may order evidentiary hearings. Compare Nara v. Frank, 264 F. 3d 310, 320 (3d Cir. 2001) (hearing warranted where petitioner exhibited ongoing incompetence and alleged that his counsel had prevented him from filing his habeas petition), overruled in part on other grounds, Carey v. Saffold, 536 U.S. 214 (2002) with United States v. Harris, 268 F. Supp. 2d 500, 506-507 (E.D. Pa. 2003) (no evidentiary hearing necessary to determine that petitioner's mental health had burdened but not prevented her from timely filing).

Godfrey contends that he has been on psychotropic medication for many years. (Doc. No. 8, Reply at 4). To support his mental illness claim, Godfrey offers portions of the transcript from

his April 30, 1991 jury waiver hearing which describe his mental health in the 1970's, 1980's, and early 1990's. He also offers an October 22, 1993 docket entry indicating that at that time he received medication and was held in the infirmary at SCI Graterford.

The Magistrate Judge extensively reviewed Godfrey's claim and supporting documents before concluding that his alleged mental health problems would not have prevented him from timely raising a federal habeas claim during the relevant limitations period from 1998-1999. (Doc. No. 15 at 12-16). Unlike the petitioner in Nara, Godfrey's evidence does not suggest that he has suffered ongoing mental illness that would have prevented him from filing a habeas petition, or that his counsel precluded him from filing such a petition. Rather, like the evidence in Harris, Godfrey's evidence suggests that any mental health problems he allegedly suffered fall far short of an "extraordinary circumstance" that would justify equitable tolling. Accordingly, I agree with the Magistrate Judge that there is no need for an evidentiary hearing to consider the details of Godfrey's mental illness claim. See Doc. No. 15 at 16; see also Doc. No. 16. I overrule Godfrey's objection.

2.    **Due Diligence**

Godfrey objects to the Magistrate Judge's consideration of due diligence when addressing his equitable tolling argument. A habeas petitioner seeking equitable tolling must establish not only that he was hindered by "some extraordinary circumstance," but also that he pursued his rights diligently. Pace, 544 U.S. at 418, Miller v. New Jersey State Dept. of Corr., 145 F.3d 616,

618-19 (3d Cir. 1998). The Magistrate Judge thus properly considered both the extraordinary circumstances and due diligence prongs of Godfrey's equitable tolling argument.

To establish this second prong, a habeas petitioner must show that he or she exercised reasonable diligence in seeking to assert a habeas claim after the extraordinary circumstances began. Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003). Godfrey filed the instant habeas petition eight years after the limitations period had expired and offered no indication that he had attempted to file a petition before November 2007. Moreover, his multiple state court filings indicate that his alleged mental illness did not prevent him from exercising reasonable diligence in pursuing his legal rights. Accordingly, I agree with the Magistrate Judge that Godfrey has failed to demonstrate that he exercised reasonable diligence in the circumstances. (Doc. No. 15, at 15). I overrule Godfrey's objection.

### 3. Reasserted Habeas Claims

Finally, in his Objections, Godfrey has restated his original claims that the Magistrate Judge rejected. Although I am not required to address these issues *de novo*, I have nonetheless done so. Brophy, 153 F. Supp. at 669. My review of the Report and Recommendation confirms that the Magistrate Judge's rulings were correct as to all Godfrey's claims.

## IV. CONCLUSION

Upon careful consideration of the Report and Recommendation, Petitioner's Objections, and all related submissions, I overrule the Objections and accept and adopt the Magistrate Judge's Report and Recommendation.

AND IT IS SO ORDERED:

*/s/ Paul S. Diamond*
Paul S. Diamond, J.